**In the Matter of Gary Leon GERLING.**

No. 82S00–0006–DI–367.

Supreme Court of Indiana.

Nov. 4, 2002.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** We find that in 1996, the respondent contracted with a marketing firm to advertise his law firm. The marketing firm, with the respondent's approval, initiated a campaign in various media using the theme, "Expect more from a Gerling attorney." One part of the campaign involved the creation and display of billboards. The billboards promoting the respondent's law firm portrayed either five or seven people. The billboards did not depict every employee of the Gerling law offices. In both versions of the billboard, all of the individuals depicted are lawyers except one person who was not and is not a lawyer. The non-attorney was the only African American depicted in the photograph. In both versions of the billboard, the firm's slogan, "Expect more from a Gerling attorney" appears. The two billboards appeared during March 1997. The respondent ceased using the advertisements upon learning of the Commission's concerns.

**Violations:** Indiana Professional Conduct Rule 7.1(b) provides that a lawyer shall not use any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim. Indiana Professional Conduct Rule 7.1(c) describes a false, fraudulent, misleading, deceptive, self-laudatory, or unfair statement or claim as one which, *inter alia,* omits to state any material fact necessary to make the statement in light of all the circumstances, not misleading, or that contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived.

The respondent argues that there is no statement or claim in the billboards to suggest that the person is an attorney. The invitation to expect more from a Gerling attorney is juxtaposed adjacent to a photograph of several individuals, all of whom are attorneys except for one. The slogan "Expect more from a Gerling attorney" used in conjunction with the non-attorney's picture suggests that she is a Gerling attorney. The suggestion is strong because she is pictured with (and even in front of) the actual lawyers from the Gerling law office. It is the combination of the slogan and the image that plainly implies that the Gerling firm's attorney staff is racially diverse and includes an African American attorney. By including

the non-attorney's picture on the billboards, the respondent held her out to be a "Gerling attorney" and thereby violated Prof.Cond.R. 7.1(b) by engaging in public communication that was misleading and deceptive.

The respondent also argues that the Commission offered no evidence that any member of the public was actually misled by the advertisement. There is no requirement of actual deception as a basis for finding a violation of Prof.Cond.R. 7.1(b). The rule provides only that a public communication shall not contain a deceptive or misleading statement or claim, including one that "is likely" to cause an ordinary prudent person to be misled or deceived.

For his misconduct, we find that the respondent should be publicly reprimanded.

The Clerk of this Court is directed to forward notice of this order to the respondent or his attorney, to the Disciplinary Commission, to the hearing officer, and to all other entities pursuant to Admis.Disc.R. 23(3)(d). Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

RUCKER, J., concurs except as to sanction, and would impose a private reprimand.

SULLIVAN, J., dissents, and would find no misconduct.